(C.R.D. 80–15)

HENKEL CORPORATION, ET AL., PLAINTIFF, v. UNITED STATES, DEFENDANT

Court No. 80–6–00910

(Dated October 8, 1980)

FORD, Judge: This matter is before the court by virtue of a motion by defendant for a protective order with respect to document No. 11 on list No. 2 of the administrative record.

The action was instituted under the provision of section 516A(2)(A) against a final negative determination by the U.S. International Trade Commission in a countervailing duty investigation on May 7, 1980, concerning dextrines and soluble or chemically treated starches derived from corn or potato starch from Belgium, Denmark, the Federal Republic of Germany, France, Ireland, Italy, Luxembourg, the Netherlands, and the United Kingdom. Plaintiff on June 4, 1980, filed a request for injunction against the liquidation of all entries of such merchandise pending a decision on the merits. Defendant opposed said request for injunction which was denied on June 12, 1980.

The administrative record was filed with the court on July 28, 1980. On September 22, 1980, defendant moved for a protective order for document No. 11 on list No. 2 of the administrative record on the basis of privilege. Plaintiff on October 1, 1980, opposed this motion on the ground that it contained facts which should be discoverable.

Based upon the motion papers, and an examination by the court in camera, it appears that document No. 11 of list No. 2 consists of "pro and con" statements which the affidavit of Bill Alberger, Chairman of the U.S. International Trade Commission, states was reviewed by him and was found to consist of an internal communication prepared by the members of the Commission's staff, solely for the use of the Commissioners or staff. Said document comprises part of the process by which the Commission's decisions are formulated, but it may or may not reflect the ultimate view of the Commissioners or the Commission.

A proper claim of privilege having been asserted, the court finds the law on "pro and con" statements to be settled. Documents of this type were held to be the subject of a protective order on the ground of privilege in *SCM Corporation* v. *United States*, 82 Cust. Ct. 351, C.R.D. 79–11 (1979) and *Sprague Electric Company* v. *United States*, 81 Cust. Ct. 168, C.R.D. 78–18 (1978) and cases cited therein.

In *SCM*, Chief Judge Re succinctly summed up the rationale behind governmental privilege as follows:

> The privilege exists to encourage uninhibited and frank internal discussion in the formulation of governmental policy and decisionmaking. In the words of Mr. Chief Justice Burger, the privilege is necessary because "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances * * * to the detriment of the decisionmaking process." *United States* v. *Nixon*, 418 U.S. 683, 705, 94 S.Ct. 3090 (1974). See also *NLRB* v. *Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504 (1975). [P. 357.]

For the above reasons, it is

ORDERED that document No. 11, listed on list No. 2, part of the administrative record previously transmitted to the clerk of this court

in this case, is hereby recognized as a privileged document not subject to discovery or disclosure.