ASAHI CHEMICAL INDUSTRY COMPANY, LTD., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AMERICAN YARN SPINNERS ASSOCIATION, INTERVENOR

*Memorandum Opinion and Order*

Court Nos. 80–5–00755–S and 80–5–00755

(Dated November 20, 1980)

RAO, Judge: This is a civil action by three Japanese companies, Asahi Chemical Industry Co., Ltd., Japan Exlan Co., Ltd. and

Mitsubishi Rayon Co., Ltd., seeking judicial review of the determination of the U.S. International Trade Commission (hereinafter Commission) that an industry in the United States is being materially injured because of imports of spun acrylic yarns from Japan, sold at less than fair value, by reason of which they were named in an antidumping duty order of April 9, 1980. On August 13, 1980, the American Yarn Spinners Association (hereinafter AYSA) filed a motion for leave to intervene as a party-defendant, which motion was granted on September 22, 1980.

On that day, defendant United States filed a motion for a protective order for part of the administrative record filed with this court, to wit: document Nos. 1, 2, and 3 in list No. 3, privileged documents transmitted to the U.S. Customs Court. Document No. 1 is an undated, four-page pros and cons statement prepared by the Commission's staff setting forth suggested criteria to be used, as well as possible reasons for and against an affirmative injury determination. Document No. 2 is an undated, four-page draft opinion entitled "Draft Affirmative * * *" prepared by the Commission's staff for the consideration of and use by the Commissioners in arriving at their statement of reasons in the investigation involved herein. Document No. 3 is an undated, three-page draft opinion entitled "Draft Negative * * *" similar to document No. 2, but arriving at different conclusions. Attached to the motion of the United States is the affidavit and claim of privilege of Bill Alberger, Chairman of the Commission, stating that he had personally reviewed the documents and that they are internal communications prepared solely for the use of the Commissioners and staff members containing advisory opinions, conclusions, considerations, deliberations and recommendations.

On October 3, 1980, plaintiffs Japan Exlan Co., Ltd. and Mitsubishi Rayon Co., Ltd., filed a memorandum in opposition to the motion for a protective order, the basis of which is that since none of the parties have attempted to gain access to the documents, the motion is premature. On the same day, plaintiff Asahi Chemical Industry Co., Ltd., moved for limited discovery which would allow its attorneys to examine the information contained in the documents for purposes of this litigation, but forbidding further disclosure to any other persons.

On October 23, 1980, intervenor AYSA filed a memorandum in opposition to plaintiff Asahi's motion for limited discovery on the grounds that the documents in question are not properly part of the record for judicial review of an antidumping determination and, alternatively, that they are privileged and irrelevant.

Taking first plaintiffs Japan Exlan Co., Ltd.'s and Mitsubishi Rayon Co., Ltd.'s opposition to the motion for a protective order,

I am constrained by rule 6.1(c)(4) of this court to hold that defendant's motion is not premature.[1] The plain language of the rule is to the effect that any party may move for a protective order and that the court may make any order which justice requires without any limitation as to when a protective order may be granted. Additionally, *Henkel Corporation et al.* v. *United States*, 85 Cust. Ct. 129, C.R.D. 80–15, (1980), involved a defendant's motion for a protective order prior to plaintiffs' request for production. Judge Ford granted the protective order despite the fact that no demand had been made for the "pros and cons" statement sought to be held privileged.

In *SCM Corporation* v. *United States (Brother International Corporation, Party-in-Interest)*, 82 Cust. Ct. 351, C.R.D. 79–11, 473 F. Supp. 791 (1979), this court was asked for a protective order for nine documents, including a pros and cons statement; a four-page draft opinion entitled "Statement of Reasons for Negative Determination * * *"; and a four-page draft opinion entitled "Statement of Reasons for Negative Determination * * *," among others. If the claim of privilege in the instant case is properly invoked, *SCM Corporation* must be considered precedent and the protective order granted, since the documents involved herein are similar to those the subject of the protective order granted in *SCM Corporation*.

To be properly invoked, the claim of executive privilege must be formally claimed, must be asserted by the head of the agency who personally considered the matter, the materials must be reviewed, and an appropriate affidavit must be submitted in support of the claim. See *SCM Corporation* v. *United States, supra,* and *Sprague Electric Company* v. *United States (Capar Components Corp., Party-in-Interest)*, 81 Cust. Ct. 168, 462 F. Supp. 966 (1978). It has been judicially determined that the Chairman of the International Trade Commission is authorized to examine documents with the expertise to invoke a proper claim of privilege. *Sprague Electric Company, supra*. An appropriate affidavit by the Chairman was submitted in support of the claim for privilege, in which he swears that he personally considered the matter and reviewed the materials. No objection to the form or content of the affidavit has been made by any of the parties opposing the grant of a protective order. Additionally,

---

[1] Rule 6.1(c) protective orders: Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, but not limited to, one or more of the following:

(1) that the discovery not be had;

(2) that the discovery may be had only on specified terms and conditions, including a designation of time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

\*          \*          \*          \*          \*          \*          \*

examination by the court of document Nos. 1, 2, and 3 on list No. 3 in camera leads me to conclude that the averments of the affidavit are factual, and that the documents comprise part of the process by which the Commission's decision was formulated.

For the above reasons, it is,

ORDERED the document Nos. 1, 2, and 3 on list No. 3, part of the administrative record previously transmitted to the Court, are hereby recognized as privileged documents, not subject to discovery or, disclosure.

