MELAMINE CHEMICALS, INC., PLAINTIFF *v*. UNITED STATES,
DEFENDANT

*Memorandum Opinion and Order*

Court Nos. 80-6-00879, 80-6-00880

(Dated December 18, 1980)

*Baker & McKenzie (Bruce E. Clubb* on the brief) for the plaintiff.
*Alice Daniel*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch *(Francis J. Sailer* on the motion), for the defendant.

LANDIS, Judge: These actions were instituted pursuant to 19 U.S.C. 1516a(a)(2) seeking judicial review of a determination of no material injury or threat thereof published by the U.S. International Trade Commission on May 14, 1980, in antidumping investigation Nos. 731–TA–13 and 14 (final) of melamine in crystal form from Italy and Austria (45 F.R. 31830).

Pursuant to rule 6.1(c) [1] defendant moves for a protective order regarding document numbered 22 from list No. 2 of the administrative record.

Plaintiff opposes defendant's motion on the grounds that said motion is premature in that plaintiff has not requested disclosure of the document nor has plaintiff had the opportunity to evaluate thoroughly its potential importance.

The document was accorded privileged status during the administrative proceedings before the Commission.

Defendant contends that the document consists wholly of internal communications prepared by staff members of the Commission solely for use by the Commission which set forth and reflect advisory opinions, conclusions, considerations, deliberations and recommendations, and comprise part of the process by which the Commission's decisions are formulated and its official duties and responsibilities are discharged. The affidavit of Bill Alberger, Chairman of the U.S. International Trade Commission, is submitted in support of this motion and is not refuted by plaintiff.

It is well settled that documents of the International Trade Commission of a pro-con nature which are compiled solely for internal use by the Commission and which comprise part of the process and ideas by which, and upon which a final determination of the Commission is based, are subject to a protective order against disclosure on the

---

[1] Now rule 26(c) of the *Rules of the U.S. Court of International Trade.*

ground of privilege. *SCM Corporation* v. *United States*, 82 Cust. Ct. 351, C.R.D. 79–11, 473 F. Supp. 791 (1979); *Sprague Electric Company* v. *United States*, 81 Cust. Ct. 168, C.R.D. 78–18, 462 F. Supp. 966 (1978); *Henkel Corporation et al.* v. *United States*, 85 Cust. Ct. 129, C.R.D. 80–15 (1980).

While executive privilege is not absolute except in cases of military or State secrets, *United States* v *Reynolds*, 345 U.S. 1 (1953); *SCM Corporation* v. *United States, supra*, nonetheless, once the proponent for the invocation of the privilege has complied with the established criteria for the privilege, it is incumbent upon the opposing party to show that the privileged material should be disclosed by demonstrating clearly and persuasively that the need for disclosure outweighs the harm that could result from nondisclosure. *United States* v. *Nixon*, 418 U.S. 683 (1974); *Sprague Electric Company* v. *United States, supra*.

In the present actions movant has complied with the established criteria by formally invoking the claim for privilege through the head of the agency having control of the matter and who personally reviewed the materials in issue and has submitted an appropriate affidavit in support of the privilege claim. In opposition, plaintiff has offered no compelling reasons to justify denial of the relief sought. Plaintiff has not refuted movant's supporting affidavit nor questioned the contents of the document [2] but merely states that it should not be forced to determine whether to request production of the document before it has had an opportunity to evaluate thoroughly its potential importance.

Plaintiff's argument relies upon the assumption that it must first demand production of the document before defendant can move for a protective order. In *Asahi Chemical Industry Company, Ltd., et al.* v. *United States*, 1 CIT 21, Slip Op. 80–5 (November 20, 1980), this court held that a motion for a protective order, pursuant to rule 6.1(c),[3] may be made before the document is demanded to be disclosed. In the words of Judge Rao: "The plain language of the rule is to the effect that any party may move for a protective order and that the court may make any order which justice requires without any limitation as to when a protective order may be granted." Accord, *Henkel Corporation et al.* v. *United States, supra*.

---

[2] In view of the fact that plaintiff has offered no opposition to the Alberger affidavit nor questioned that the document is other than a pro-con statement, the court deems the facts contained therein as true. The court, therefore, finds it unnecessary to make an in camera inspection permitted pursuant to 19 U.S.C. 1516a (b)(2) (B) because there is no issue as to whether the document contains facts or other material not subject to executive privilege. *SCM Corporation* v. *United States, supra*.

[3] The principle is clearly enunciated under rule 26(c) of the rules of of the Court of International Trade. Under this rule the court, *sua sponte*, may issue orders as justice requires. Such order is without regard as to whether a demand has been made and, indeed, may be accomplished without a motion by the parties or a person from whom discovery is sought.

It is evident that once a motion for a protective order is made, those opposing said motion must evaluate the importance of the document in issue in making their opposition and must, once the movant has complied with the essential criteria for invoking a privilege claim, demonstrate a compelling need for the document that outweighs the harm that could result from protection. It is insufficient to defeat such motion by merely claiming that the party has not yet determined whether to request production of the document because it has not had an opportunity to evaluate the importance of the document. If additional time is necessary, the party should confer with counsel or petition the court for an extension of time for good cause shown to oppose the motion.

Accordingly, upon consideration of defendant's motion for a protective order regarding privileged document numbered 22, on list No. 2 in the administrative record, and plaintiff's opposition thereto, it is hereby

ORDERED and ADJUDGED that defendant's motion is, in all respects, granted and it is further

ORDERED and ADJUDGED that the clerk of the court shall seal document numbered 22 on list No. 2 and keep said document sealed and not subject to discovery or disclosure pending further order by the court.